Job A. Turner vs. Ira Coffin.

In order to create an estoppel *in pais*, the declarations or acts relied upon must have been accompanied with a design that they should be acted upon by the party setting up the estoppel.

Contract brought to recover for a breach of the covenants in a lease to keep glass in repair and pay water rates and rent.

At the trial in the superior court, before *Putnam*, J., there was evidence tending to show that the plaintiff had agreed to abate one half of the rent now sought to be recovered, after a certain time, when the defendant with the plaintiff's consent assigned the lease to Jenness & Son; and that the plaintiff was estopped to deny such agreement. And, by request of the defendant, the judge instructed the jury that if the plaintiff, " by his silence or his conduct, knowingly allowed Mr. Coffin and Mr. Jenness to understand and believe that he had consented to an abatement of the rent, he is barred thereby and cannot now contradict it." There were other instructions, not now material.

The jury returned a verdict for the plaintiff for the amount of the claim on account of water rates and glass, but not for any portion of the rent in dispute. The plaintiff alleged exceptions.

*A. A. Ranney*, for the plaintiff.

*N. B. Bryant*, for the defendant.

Dewey, J. The instruction given to the jury upon the request of the counsel for the defendant raised a question of estoppel *in pais*, and presented a distinct question from that of the alleged agreement by the plaintiff, upon a good consideration, to modify the terms of his lease to the defendant, and abate one half of the rent stipulated to be paid to him. If that instruction was wrong, the plaintiff is entitled to have the verdict set aside. That it was so, we think is manifest. It omits to state those elements which are essential to an estoppel *in pais*. It does not require the jury to find that the plaintiff wilfully intended that the silence and conduct on his part should lead to any action on the part of the defendant in reference to the lease,

or that the defendant did in fact act upon them, and in conse-quence thereof materially change his situation in reference to the matter of the lease, or assume any new liabilities by reason thereof. See *Plumer* v. *Lord,* 9 Allen, 455; *Andrews* v. *Lyons,* 11 Allen, 349.

Independently of any objection to this instruction as to the alleged estoppel, arising from the want of definiteness as to the extent of the abatement of rent and the period of time to which it would apply, or the further objection urged as to its effect in controlling and essentially varying a sealed contract executed by the party setting up this estoppel, for the reasons heretofore stated the instruction was erroneous, and the verdict must be set aside.                                            *Exceptions sustained.*